UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOWAYNE GOLIK,

        Plaintiff,

v.

GENERAL MOTORS LLC, *et al.*

        Defendants.

Case No. 2:25-cv-06921-HDV-E

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES [15]**

## I. INTRODUCTION

This lemon law action arises out of Plaintiff Lowayne Golik's purchase of a 2017 Cadillac CTS-V from Dublin Chevrolet. Plaintiff alleges that his vehicle experienced "sunroof and infotainment defects" during the warranty period.

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 15], which asserts that the removal of this case on July 29, 2025 was untimely. Plaintiff maintains that removability was clear from the face of the Complaint filed in Los Angeles Superior Court [Dkt. 1-1], or, in the alternative, as early as June 23, 2025, when Plaintiff made initial disclosures including the sales contract and repair records.

For the reasons discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"), the Court concludes that neither the initial Complaint nor the initial disclosures provided sufficient grounds for triggering the 30-day removal clocks under 28 U.S.C. § 1446(b). Because the removal was therefore timely, the Motion is denied.[1]

## II. BACKGROUND

Plaintiff purchased a 2017 Cadillac CTS-V (the "Vehicle") in October 2019. Complaint ¶¶ 6, 9. Plaintiff alleges the vehicle was defective and Defendant General Motors failed to fulfill its warranty obligations. *Id.* ¶¶ 12, 14.

Plaintiff filed a Complaint in Los Angeles Superior Court on March 19, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the federal Magnuson-Moss Warranty Act ("MMWA"). *Id.* ¶¶ 8–44. The Complaint identifies Plaintiff as a resident of Crockett, California, but provides no further information about domicile or citizenship. *Id.* ¶ 2. Defendant filed its Answer on April 23, 2025. Declaration of Michelle Yang in Support of Motion ("Yang Decl.") [Dkt. 15-1] ¶ 6.

On June 23, 2025, Plaintiff's counsel served Defendant's counsel with its initial disclosures pursuant to California Code of Civil Procedure section 871.26. *See* Declaration of Theodore G. Lee

---

[1] Because the Motion to Remand is denied, Plaintiff's attendant motion for attorney's fees is also denied.

in Support of Defendant's Opposition ("Lee Decl.") [Dkt. 17-1] ¶ 2, Ex. A ("Initial Disclosures") [Dkt. 17-2]; Yang Decl. ¶ 7. The initial disclosures identified the Vehicle's then-current mileage (71,000 miles) and the location of the Vehicle (an address in Crockett, California). Initial Disclosures at 2. As part of those June 23 initial disclosures, Plaintiff's counsel also provided a copy of the Vehicle's sales contract. Yang Decl. ¶ 7, Ex. 2 ("Sales Contract"). The Sales Contract (signed on October 19, 2019) identified Plaintiff's specific address in Crockett, California. Sales Contract at 1. Finally, the initial disclosures contained various repair records for the Vehicle. Lee Decl. ¶ 2.

Defendant removed the case on July 29, 2025, alleging that this Court has diversity jurisdiction. Notice of Removal at 2–5 [Dkt. 1]. Plaintiff filed the instant Motion on August 15, 2025. After full briefing, see Opposition [Dkt. 17]; Reply [Dkt. 19], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 21].

**III.   LEGAL STANDARD**

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139–40 (9th Cir. 2013). Should the initial pleading not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order ***or other paper***" which displays removability on its face. 28 U.S.C. § 1446(b)(3) (emphasis added); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Moreover, the "other paper" under this section must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("We believe the 'unequivocally clear and certain' test hews to the text of § 1446(b)(3)."). These 30-day time limits, although procedural in nature, are mandatory, and a successful challenge to removal based on a late notice requires

remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

## IV.  DISCUSSION

Plaintiff makes several interdependent arguments in support of remand. Plaintiff's counsel has raised almost exactly the same arguments in a number of other lemon law cases against General Motors in recent months. This Court first considered and decided the relevant issues in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"). Plaintiff's Motion here fails for the same reasons as in *Chavarin*.

First, Plaintiff argues that removability was apparent from the initial Complaint based on federal question jurisdiction (given the MMWA claim) and separately on the basis of diversity jurisdiction. Motion at i, 1, 4–7. Plaintiff's argument that removal was apparent from the face of the Complaint given the inclusion of the federal MMWA claim fails because there is federal question jurisdiction under that statute only if the amount in controversy on the MMWA claims is at least $50,000, and Plaintiff's Complaint does not include any allegations as to values that would give Defendant notice that his claims were worth more than this. *Chavarin* Order at 4–5 & n.2.

Plaintiff's diversity-related argument also fails at the Complaint stage, both because there are no facts suggesting that the $75,000 amount in controversy was met, and because the allegations of Plaintiff's California *residency* do not set forth Plaintiff's domicile or citizenship. *Id.* at 5–6 & n.3.

In the alternative, Plaintiff avers that the initial disclosures provided on June 23, 2025 qualified as an "other paper" under 28 U.S.C. § 1446(b)(3) and triggered the second 30-day removal period, rendering Defendants' removal untimely. Motion at 7–8; Reply at 3–4. These disclosures included the Vehicle's sales contract, several repair orders, and a written disclosure of the current mileage. Lee Decl. ¶ 2; Initial Disclosures at 2. The sales contract revealed that the cash price of the Vehicle and accessories was $23,788. Sales Contract at 1. It also showed that the total cash price (including collateral charges and sales tax) was $25,873; that Plaintiff made a down payment of $4,000; and that he financed $22,253, incurring financing charges of $3,808—for a total cost of $30,060. *Id.*[2]

---

[2] These numbers are rounded to the nearest dollar, which explains why the arithmetic may appear off by a dollar or so.

4

As to the MMWA claim, these initial disclosures did not provide enough information to calculate the market value of the car at the time of the defect, a value that is necessary to calculate diminished value damages under California Commercial Code section 2713. *Chavarin* Order at 7.

And as to diversity jurisdiction, the June 23 disclosures offered almost nothing bearing on the central issue of Plaintiff's *intention to remain* in California, and so do not establish Plaintiff's domicile or citizenship for purposes of making removability "unequivocally clear and certain" under section 1446(b)(3). *Chavarin* Order at 8–9 & n.5.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's removal was timely and Plaintiff's Motion is ***denied***.

Dated:  November 4, 2025

_____
Hernán D. Vera
United States District Judge